# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| David R. Carlson, | Case No. 21-cv-1183 (MJD/HB) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| State of Minnesota, | |
| Respondent. | |

HILDY BOWBEER, United States Magistrate Judge

This matter comes before the Court on Petitioner David R. Carlson's (1) Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [ECF No. 9] ("Petition"); and (2) Application to Proceed in District Court Without Prepaying Fees or Costs [ECF No. 5] ("IFP Application"). For the reasons discussed below, the Court recommends dismissing this action without prejudice for lack of jurisdiction, denying the IFP Application as moot, and denying Carlson a certificate of appealability ("COA").

In July 2005, authorities charged Carlson with five felonies based on his interactions with a 13-year-old girl in Duluth, Minnesota, in August 2004. *See, e.g., State v. Carlson*, No. A06-961, 2007 WL 1053411, at *1–2 (Minn. Ct. App. Apr. 10, 2007); Register of Actions, *State v. Carlson*, No. 69DU-CR-05-2261 (Minn. Dist. Ct.) ("State-

Court Docket").[1]  After a March 2006 trial, a state-court jury found Carlson guilty of one count of first-degree criminal sexual conduct, two counts of third-degree criminal sexual conduct, and one count of soliciting a child to engage in sexual conduct.  *See* State-Court Docket; *Carlson*, 2007 WL 1053411, at *2.

In August 2007, a Minnesota district court sentenced Carlson to 144 months in prison, to be followed by ten years of post-confinement conditional release; the latter term was later reduced to five years.  *See, e.g.*, *Carlson v. State*, No. A18-0813, 2018 WL 6036511, at *1 (Minn. Ct. App. Nov. 19, 2018).  Carlson filed a direct appeal of his conviction, but the Minnesota Court of Appeals affirmed and the Minnesota Supreme Court denied Carlson's petition for further review.  *See State v. Carlson*, No. A07-2144, 2009 WL 304732, at *1 (Minn. Ct. App. Feb. 10, 2009).

Since his direct appeal ended, Carlson has challenged his convictions and sentence several times, including through at least five state-court petitions for postconviction relief.  *See, e.g.*, *Carlson v. State*, No. A20-1317, 2021 WL 1082847, at *1 (Minn. Ct. App. Mar. 17, 2021), *review denied* (Minn. Apr. 28, 2021).  He has also repeatedly challenged his conviction's validity through § 2254 proceedings in federal court.  *See, e.g.*, *Carlson v. Minnesota*, No. 19-CV-0424 (WMW/BRT), 2019 WL 10859811, at *1 (D. Minn. Apr. 4, 2019) (discussing federal-litigation history), *report and*

---

[1] The State-Court Docket is not attached to any filings in this action.  But it is a publicly accessible judicial record, and as such the Court may take judicial notice of it.  *See, e.g.*, *Amen El v. Schnell*, No. 20-CV-1327 (DSD/ECW), 2021 WL 509280, at *4 n.6 (D. Minn. Feb. 11, 2021) (citing *Graham v. U.S. Marshal*, No. 20-CV-1204 (WMW/LIB), 2020 WL 4060731, at *1 n.1 (D. Minn. June 29, 2020)), *report and recommendation adopted*, 2021 WL 880679 (D. Minn. Mar. 9, 2021).

*recommendation adopted*, 2019 WL 10859812 (D. Minn. June 3, 2019). All of these federal challenges have been unsuccessful. *See id.* at *1–2. Carlson is presently in Minnesota's supervised-release program. (*See* Pet. 10); Offender Locator—David Richard Carlson, *available at* http://coms.doc.state.mn.us (last accessed June 22, 2021).

Like Carlson's earlier § 2254 petitions, the present Petition challenges the validity of his conviction in No. 69DU-CR-05-2261. (*See* Pet. 2.) He raises three grounds: (1) insufficiency of the evidence of conviction; (2) an argument apparently based on the Minnesota Department of Corrections not being "[separate] from the United States"; and (3) an argument that Carlson's term of parole (which the Court understands to mean Carlson's term of supervised release) is part of a wrongful conviction. (*See id.* at 6, 8–9.)

This Court lacks jurisdiction to consider the Petition. Under 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." The current Petition is plainly second or successive; it challenges the same conviction challenged in Carlson's earlier § 2254 petitions. *Cf. Magwood v. Patterson*, 561 U.S. 320, 332–33 (2010) ("[T]he phrase 'second or successive' must be interpreted with respect to the judgment challenged."). Without authorization from the U.S. Court of Appeals for the Eighth Circuit, this Court cannot adjudicate the Petition's merits.

The next question is whether the Court should dismiss the Petition or transfer it to the Eighth Circuit—that is, for it to consider whether to authorize the Petition under § 2244(b)(3)(A). This Court recommends dismissal. The Petition's claims do not fit any

of the criteria for authorization set forth in § 2244(b)(2): they are not based upon a new constitutional-law rule; there is no obvious reason why Carlson could not have discovered "the factual predicate for the claim[s]" long ago; and the facts asserted are not "sufficient to establish by clear and convincing evidence that . . . no reasonable factfinder would have found [Carlson] guilty of the underlying offense." Given these points, the Court does not believe that the Eighth Circuit would authorize the Petition, so the Court recommends dismissing the Petition instead of transferring it.[2] Given this recommendation, the Court further recommends denying the IFP Application as moot.

A § 2254 petitioner cannot appeal an adverse ruling on his petition unless he is granted a COA. *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A court may not grant a COA unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Furthermore, "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim"—as here—"a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, it is highly unlikely that any other court, including the Eighth Circuit, would treat the Petition differently than this Court is treating it here. The Court therefore recommends not granting a COA in this matter.

---

[2] Of course, Carlson may seek authorization from the Eighth Circuit himself, notwithstanding this Court's recommendation.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. This matter be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

2. Petitioner David R. Carlson's Application to Proceed in District Court Without Prepaying Fees or Costs [ECF No. 5] be **DENIED** as moot.

3. No certificate of appealability be issued.


Dated: June 22, 2021                        *s/ Hildy Bowbeer*
                                            Hildy Bowbeer
                                            United States Magistrate Judge


## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).